Opinion of the court delivered by
Judge Whyte.
James Surguine, the ancestor and intestate of defendants, being indebted in his lifetime to John Billings, of Charleston, in the State of South Carolina, in the sum of 3,466 dollars 63 cents — by bond for securing the payment of the said debt, mortgaged to the said John three tracts of land, in the county of Hawkins; in this State. The said mortgage became forfeited in the lifetime of the said *401 James, who died in the year 1820, leaving the defendant, Peggy his widow, who became his administratrix, and the other defendants his heirs at law. In 1823, John Billings filed his bill in the court of chancery, against the said administratrix and heirs, to he paid his said debt, or to have the equity of redemption of the said mortgaged lands foreclosed; and also to have a deed for the mortgaged premises made to the said defendants, or some of them, which deed is void, being obtained by fraud, delivered up and cancelled. John Billings died in the State of South Carolina in the year 1825, leaving complainant, Sarah, his widow, and his mother Bulah Billings, who is his heir at law, not having any children or collateral relations. The plaintiff, John Atchison, since his intermarriage with the said Sarah, hath, by purchase from the said Bulah, acquired the right, title and interest of and in the real estate of the said John Billings descended to his said heir, Bulah; and therefore prays by bill of re-vivor, that the original suit may be revived, and that he may be permitted to prosecute, and have the benefit of the same. At May term 1822, of the court of chancery, the said John Atchison had the leave of the court of chancery to filp his bill of revivor, which was done. To this hill of revivor, the administratrix and heirs of the said James Surgume, by their counsel, put in a demurrer; and assigned thereon, for cause of demurrer, that the complainants therein, from their own shewing in said bill of revivor, have no right to come into this honorable court, to ask for a revival of the suit heretofore pending in said court, against the defendants, in the name of John Billings. To this demurrer a joinder was put in, and on argument the chancellor sustained the demurrer, and dismissed the bill — with costs — from which decree of dismissal an appeal in error is taken to this court.
The chancellor, also, on motion of the complainants by their counsel, gave leave to file another bill of revivor in the name of the administrator of the mortgagee.
The decree of the court of chancery is predicated on the ground, that the heir of the mortgagee, in a forfeited *402 mortgage, cannot bring a bill to foreclose the equity of redemption, because, say the counsel, the money came from the personal estate of the mortgagee, and therefore must return to the sáme estate, thro’ the executor, if there ong5 0J, a(Jmjnjstrator.
It is true, that if the alternative of the prayer of a bill to foreclose is accepted by the defendants, to wit: to pay the money secured by the mortgage, and for the repayment of which, the land, in equity, is considered only as a pledge, the money, so paid in redemption of the equity, comes to the personal estate, and the personal representative regularly is the hand to receive it, in a direct course as a complainant in a bill to foreclose. But it does not follow, that if the personal representative of the mortgagee is not before the court, on the bill, as a party, that therefore his right is superseded, or the money lost to the personal estate, and the claimants thereon, as creditors, &c. &c. — for the heir of the mortgagee may alone bring and sustain such bill; and if the alternative of the payment of the money is adopted, and the heir of the mortgagee receives the money, he receives it as a trustee for the personal representative: and he is liable to refund the money so received by him upon suit by the personal representative. Although in this last case, the personal representative of the mortgagee refused to become a party to the bill to foreclose, along with the heir.
If the mortgagor, or his heir, or his personal representative, as tire case may be, refuse to accept the benefit of redemption, by which the equity of redemption is foreclosed, and the lands remain in the hands of the heir, still, although the heir is entitled to hold the land, and take the benefit of the foreclosure to himself, the representative of the personal estate of the mortgagee is entitled, by such holding, to have from the heir, the mortgage money and interests. See Ba. Abr. Ed. by Cunningham — title, mortgage, letter, E 2, page 642. 1 Eq. cas. abr. 327, ch. 3, 329, ch. 1.
As, therefore, the mortgagee, his heir, or assignee may, alone without joining the personal representative, bring a *403 bill to foreclose a mortgage, the remaining question is, whether such a character is before the court by this bill of revivor. The hill states, that John Billings died without last will and testamentan South Carolina, and by the laws of that state the complainant, Sarah, was entitled t0 one moiety of said John Billings’property, both real and personal, and that Buiah Billings, his mother, was entitled to the other part of the said estate both real and personal. The said John Billings had no children, and that plaintiff, John Atchison, since his intermarriage with his wife, Sarah, has purchased of Mrs. Buiah Billings her moiety of said estate, as well in South Carolina as in the State of Tennessee. And he, in his own right, and that of his wife, is entitled to the whole benefit of said mortgage, and the money and the interest thereon. Now, although the plaintiff claims by a title defectively set forth as regards the lands of Billings in Tennessee, the lands, within her territory, belonging to the person declared heir by her laws, and not to the heir according to the laws of South Carolina, if, in this respect, there is a difference between them, which does not appear, whether so or not, •we say, although the plaintiff has set out his title defectively, yet a good title appears in him: for a fair inference from his statement upon the face of the bill is, that John Billings died without heirs, lineal or collateral, except his wife and mother, and that he hath purchased the right and interest of the mother as heir of her son, John Billings: this is the evident meaningof the parties to the contract of purchase, though it is expressed under the appellation of moiety, an expression intended by the counsel to have reference to the personal estate, the half which he had previously shown plaintiff was entitled to by virtue of his intermarriage with the widow, and concludes, he is entitled to the whole benefit of the mortgage.
Billings having left no heir but the wife and mother, it is to be seen who is the heir in such case, by the laws of Tennessee. The actof April 1784,cb. 22,sec. 7, settles this point; it says — “That in case any person dying intestate, possessed of an estate of inheritance without leaving any is *404 sue, or not having any brother or sister, or the lawful issue of such who shall survive, the estate of such intestate shall be vested in fee simple in his or her parent from whom the same was derived, or if such estate was actually purchased, or otherwise acquired by such intestate, then the same shall be vested in the father of such intestate if living, but if dead, then in the mother of such intestate and heirs,” &c. &c. the act of Oct. 1784, ch. 10, sec. 3— changes in such case the estate of the mother, from a fee to an.estate for life; but makes no difference as regards the proper parties,' to revive and prosecute this suit for the foreclosure of the mortgage.
This court is of opinion that the complainant, John At-chison, being the assignee in interest of Bulah Billings, the heir of John Billings, deceased, the mortgagee, is a competent party to revive the suit brought by the original bill of the said John, in his lifetime, for a foreclosure of the benefit of redemption.
The decree of the chancellor, in sustaining the demurrer and dismissing the bill in this case, must be reversed, and the cause sent back t® the court of chancery from whence it came, to be further proceeded in according to the practice and principles in equity.